## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### Philadelphia Division

| | |
|---|---|
| Erik A. Wharton, Shari L. Merton, *Debtors.* | Chapter 13 Case No. 23-12910-pmm |
| Erik A. Wharton, Shari L. Merton, *Plaintiffs,* v. Prosper Marketplace Inc., *Defendant.* | Adversary No. |

## Complaint

Plaintiffs Erik A. Wharton and Sheri L. Merton, through their attorney, allege the following:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

3. The Plaintiffs have standing to bring this action pursuant to 11 U.S.C. §§ 542(a), 362, 727 and Fed. R. Bankr. P. 7001.

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. The Plaintiffs consent to the entry of a final order or judgment by the Court if it is determined that the Court cannot enter a final order or judgment consistent with U.S. Const. art. III absent consent of the parties.

## Parties

6. Plaintiff Erik A. Wharton is an individual who is and was at all relevant times a resident of Pennsylvania.

7. Plaintiff Shari L. Merton is an individual who is and was at all relevant times a resident of Pennsylvania.

8. Defendant Prosper Marketplace Inc. is a corporation that is and was at all relevant times incorporated in the state of California, with a principal place of business located at 221 Main Street, Suite 300, San Francisco, CA 94105-1909.

## Background

9. On or about August 30, 2022, WebBank loaned money to the Plaintiffs.

10. On or before September 26, 2023, the debt owed by the Plaintiffs to WebBank was assigned to the Defendant.

11. On September 26, 2023, the Plaintiffs filed a voluntary petition for relief under chapter 13 of Title 11, United States Code, thereby launching bankruptcy case number 23-12910 in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

12. The filing of this case instituted an automatic stay of all debt collection activity against the Plaintiffs by the Defendant.

13. The Defendant is listed on the Plaintiffs' bankruptcy schedules as an unsecured creditor.

14. The Defendant was properly listed on the creditor mailing matrix.

15. On October 27, 2023, the Bankruptcy Noticing Center served notice of the Plaintiffs' bankruptcy on the Defendant by transmitting a copy of the meeting of creditors notice by electronic means.

16. Upon information and belief, the Defendant received the meeting of creditors notice on October 27, 2023.

17. The meeting of creditors notice operated as a revocation of any consent allowing the Defendant to contact the Plaintiffs directly.

18. The meeting of creditors notice also operated as notice to the Defendant that the Plaintiffs were represented by an attorney with respect to debts owed.

19. Upon information and belief, the Defendant uses a computer system that matches its customer list with public bankruptcy court records and was notified through that system about the Plaintiffs' bankruptcy on or about September 26, 2023.

20. The Defendant filed a proof of claim in the bankruptcy case on November 30, 2023, which was docketed as Claim No. 27.

21. On or about the following dates, the Defendant sent written payment demands to the Plaintiffs:

(a) February 8, 2024,

(b) February 23, 2024,

(c) March 8, 2024,

(d) March 23, 2024,

(e) April 8, 2024,

(f) April 10, 2024,

(g) April 15, 2024, and

(h) May 1, 2024.

22. Upon information and belief, the Defendant reported derogatory account information about the Plaintiffs to several consumer credit reporting agencies on or about the following dates:

(a) October 20, 2023,

(b) November 20, 2023,

(c) December 20, 2023,

(d) January 20, 2024,

(e) February 20, 2024,

(f) March 22, 2024, and

(g) April 27, 2024.

23. On or about March 19, 2024, the Defendant deducted $39.00 from the Plaintiffs' bank account without their consent.

24. Upon information and belief, the Defendant has continued to assess interest, late fees, and penalties against the Plaintiffs since they filed for bankruptcy.

25. As a direct and proximate result of the Defendant's misconduct, the Plaintiffs have suffered emotional distress, anxiety, sleeplessness, and have been subjected to humiliation and embarrassment.

### Count 1
### Violation of Automatic Stay

26. The Plaintiffs re-allege and incorporate all proceeding paragraphs as if fully set forth here.

27. The Defendant repeatedly and intentionally violated the automatic stay provided under 11 U.S.C. §362(a) each time it contacted the Plaintiffs with knowledge of their bankruptcy.

28. The Defendant intentionally violated the automatic stay provided under 11 U.S.C. §362(a) when it collected payment from the Plaintiffs with knowledge of their bankruptcy.

29. As a result, the Plaintiffs have a right to recover damages under 11 U.S.C. § 362(k).

## Count 2
## Violation of Fair Credit Reporting Act

30. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

31. The Defendant violated 15 U.S.C. § 1681s–2(a)(1)(A) each time it furnished information to consumer reporting agencies that it knew to be inaccurate or had reasonable cause to believe was inaccurate.

32. As a result, the Plaintiffs have a right to recover damages under 15 U.S.C. § 1681n(a)(1)(A).

## Count 3
## Violation of Fair Debt Collection Practices Act
## (false or misleading representations)

33. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

34. The Defendant violated 15 U.S.C. § 1692f each time it communicated credit information to consumer reporting agencies that the Defendant knew or should have known to be false.

35. As a result, the Plaintiffs have a right to recover damages under 15 U.S.C. § 1692k.

5

## Count 4
## Violation of Fair Debt Collection Practices Act
## (unfair practices)

36. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

37. The Defendant violated 15 U.S.C. § 1692f when it acted to collect amounts that were not expressly authorized by the agreement creating the debt or permitted by law.

38. As a result, the Plaintiffs have a right to recover damages under 15 U.S.C. § 1692k.

## Count 5
## Violation of Fair Debt Collection Practices Act
## (communication with person represented by an attorney)

39. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

40. The Defendant violated 15 U.S.C. § 1692c each time it contacted the Plaintiffs directly while knowing that the Plaintiffs were represented by an attorney with respect to such debt.

41. As a result, the Plaintiffs have a right to recover damages under 15 U.S.C. § 1692k.

## Count 6
## Violation of Unfair Trade Practices and Consumer Protection Law

42. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

43. The Defendant violated 73 Pa. C.S. § 201-2(xxi) each time it engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding.

44. As a result, the Plaintiffs have a right to recover damages under 73 Pa. C.S. § 201-8.

## Count 7
## Violation of Pennsylvania Fair Credit Extension Uniformity Act

45. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

46. The Defendant violated 73 Pa. C.S 201-1 each time it engaged in false, misleading, and deceptive representations when attempting to collect a debt.

47. As a result, the Plaintiffs have a right to recover damages.

## Count 8
## Defamation of Character

48. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

49. The Defendant committed libel per se each time the Defendant reported information to credit agencies that it knew was false and had no factual basis.

50. As a result, the Plaintiffs have a right to recover damages.

## Count 9
## Negligence Per Se

51. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

52. The Defendant violated several statutes, including the Pennsylvania Fair Credit Extension Uniformity Act, the Fair Debt Collection Practices Act, the Unfair Trade Practices and Consumer Protection Law, and the Bankruptcy Code.

53. The Defendant's violation proximately caused injury to the Plaintiffs.

54. The Plaintiffs' injury resulted from an occurrence of the nature which the statutes were designed to prevent.

55. The Plaintiffs are of the class of persons for whose protection the statute or ordinance was adopted.

56. The Defendant's conduct as detailed above is malicious, wanton, willful, oppressive, and shows a reckless indifference to the interests of others.

57. As a result, the Plaintiffs have a right to recover damages.

### Count 10
### Negligence

58. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

59. The Defendant was negligent in its debt collection activities.

60. The Plaintiffs were harmed and suffered injury.

61. The Defendant's negligence was a substantial factor in causing the Plaintiffs' harm.

62. The Defendant had a duty to discontinue all collection activity once it learned of the Plaintiffs' bankruptcy.

63. The Defendant was negligent for failure to use reasonable care in administering accounts and debt collection activities by contacting the Plaintiffs after it knew or should have known that the Plaintiffs filed for bankruptcy.

64. The Defendant's conduct was malicious, wanton, willful, oppressive, and shows a reckless indifference to the interests of others.

65. As a result, the Plaintiffs have a right to recover damages.

### Count 11
### Negligent Infliction of Emotional Distress

66. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

67. The Defendant owed a duty of care to the Plaintiffs to stop collection activity and not harass them once it learned of their bankruptcy.

68. The Defendant breached that duty by continuing collection activity against them.

69. The Defendant's breach resulted in injury to the Plaintiffs as described above.

70. The Plaintiffs suffered damages.

71. As a result, the Plaintiffs have a right to recover damages.

### Count 12
### Intentional Infliction of Emotional Distress

72. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

73. The Defendant's conduct was extreme and outrageous.

74. The Defendant's conduct was intentional and reckless.

75. The Defendant's conduct caused the Plaintiffs emotional distress.

76. The Plaintiffs' emotional distress was severe.

77. As a result, the Plaintiffs have a right to recover damages.

### Count 13
### Invasion of Privacy by Intrusion Upon Seclusion

78. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

79. The Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, private affairs, and concerns.

80. The Defendant intruded into the Plaintiffs' solitude, seclusion, private affairs, and concerns by repeatedly communicating with the Plaintiffs and demanding they pay a debt despite the bankruptcy's automatic stay.

9

81. The Defendant's intrusion would be highly offensive to a reasonable person.

82. The Plaintiffs were harmed by the Defendant's conduct including harm to their interest in privacy and emotional distress because of the invasion of their privacy.

83. The Defendant's conduct was a substantial factor in causing the Plaintiffs' harm.

84. The Defendant's conduct as detailed above is malicious, wanton, willful or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

85. As a result, the Plaintiffs have a right to recover damages.

### Count 14
### Turnover of Property

86. The Plaintiffs re-allege and incorporate all proceeding paragraphs.

87. The Plaintiffs demand turnover of the property involuntarily deducted from the Plaintiffs' bank account by the Defendant.

### Request for Relief

The Plaintiffs request entry of judgment against the Defendant and award of compensatory damages, punitive damages, attorney fees and costs, and all other relief that is necessary and proper under the law.

Date: May 23, 2024          CIBIK LAW, P.C.
*Attorney for Plaintiffs*

By: _____
      Mike Assad (#330937)
      1500 Walnut Street, Suite 900
      Philadelphia, PA 19102
      215-735-1060
      help@cibiklaw.com